IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01139-CMA-STV

KENNETH WILLIAM LEWIS,

    Plaintiff,

v.

COURT REGISTRY INVESTMENT SYSTEM,
ADMINISTRATIVE OFFICE OF UNITED STATES COURTS,
JAMES C. DUFF, Director of the Administrative Office of U.S. Courts,
OFFICE OF THE STATE COURT ADMINISTRATOR,
GERALD A. MARRONEY, Administrator, and
WALKER STAPLETON, Colorado State Treasurer,

    Defendants.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Petition for Evidentiary Hearing [#11], Plaintiff's Letter Requesting a Hearing Regarding Entry of Default Judgment ("Letter Request") [#12], and Plaintiff's Petition for Entry of Default Judgment ("Motion for Default") [#13]. All three motions have been referred to this Court. [#15] This Court has carefully considered the motions and related briefing, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the motions. For the following reasons, the Motions are **DENIED**.

The Petition for Evidentiary Hearing requests the Court to conduct an evidentiary hearing at which Plaintiff proposes to offer *prima facie* proof of his claims and further requests that the Court "[g]rant all the relief originally prayed for" in the operative

complaint [#5]. [#11 at 4] In the Letter Request, however, Plaintiff states that he "made a mistake on the type of hearing" requested in the Petition for Evidentiary Hearing. [#12 at 1] "[I]n lieu of the 'Petition for Evidentiary Hearing,'" Plaintiff now wishes to seek default judgment and requests a hearing on his forthcoming motion for default judgment. [*Id.* at 2] As Plaintiff has now filed the Motion for Default [#13], the Court understands Plaintiff to be withdrawing his request for an evidentiary hearing and instead requesting a hearing on the Motion for Default. Accordingly, the Petition for Evidentiary Hearing [#11] is **DENIED AS MOOT**.

In the Motion for Default, Plaintiff contends that "[t]he defendants are now in 'Default'" and requests that the Court enter an Order of Default and Entry of Default Judgment in the form provided by Plaintiff with the Motion for Default [#13-2].[1] [#13] Although Plaintiff does not cite any legal authority for his request for default judgment, default is governed by Federal Rule of Civil Procedure 55. *See* Fed. R. Civ. P. 81(c)(1) (explaining that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). Pursuant to Rule 55, "[e]ntry of a default judgment involves a two-step process." *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) (citing Fed.R.Civ.P. 55(a)-(b)). "If the defendant fails to timely respond to the complaint, the plaintiff can request entry of a default by the court clerk" pursuant to Rule

---

[1] Plaintiff also submitted a Stipulation and [Proposed] Order for Settlement and Closure, which includes a proposed order "[b]ased upon the Stipulation of the parties." [#13-1 at 4] The Stipulation, however, is not signed by any of the Parties. [*Id.* at 3] To the extent Plaintiff seeks an order of the Court based upon a stipulated settlement, the stipulation must be signed by all parties.

55(a). *Id.* "If the clerk enters a default, the plaintiff can [then] ask the court to grant a default judgment." *Id.*

Here, Plaintiff has not yet completed step one of this process—*i.e.*, Plaintiff has not requested that the Clerk of Court enter a default against Defendants pursuant to Rule 55(a). Accordingly, Plaintiff's request for the Court to grant him a default judgment is premature and the Motion for Default [#13] is **DENIED WITHOUT PREJUDICE**. Having denied the Motion for Default, Plaintiff's request for a hearing on the Motion for Default is moot and thus the Letter Request [#12] is **DENIED AS MOOT**.

The Court does not refer the Motion for Default to the Clerk of Court for consideration of the entry of default, because, based upon the available record, the requirements for the entry of a default do not appear to be satisfied. Rule 55(a) provides for default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." "It is axiomatic, of course, that [a] court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that [the defendant] must have been effectively served with process." *OS Recovery, Inv. v. One Groupe International, Inc.*, 2005 WL 1744986, at *1 (S.D.N.Y. July 26, 2005) (internal quotation omitted); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")

The record here contains two affidavits of service evidencing service upon (1) "Court Registry Investment System c/o Administrative Office of the United States Court"

3

on April 7, 2017 and (2) the Office of the Attorney General of Colorado on April 10, 2017. [#1-7 at 3-4, 6-7] On May 8, 2017, Defendants the Administrative Office of the United States Courts and James D. Duff, in his official capacity as Director of Administrative Offices of the U.S. Courts (collectively, the "Federal Defendants"), removed the action to federal court in the District of Colorado.[2] On June 9, 2017, the Federal Defendants responded to the operative complaint by filing a Motion to Dismiss.[3] [#8] The Federal Defendants thus have defended against the claims asserted in the operative complaint.

With regard to Defendants Office of the State Court Administrator, Administrator Gerald A. Marroney, and Colorado State Treasurer Walker Stapleton (the "State Defendants"), the record does not reflect that these defendants have been properly served. Pursuant to Colorado Rule of Civil Procedure 4, an officer of the state being sued in her official capacity must be served by delivering a copy of process both to the officer and to the state attorney general. Colo. R. Civ. P. 4(e)(10)(A). Similarly, to effect service on a department or agency of the state, process must be delivered both to the principal officer, chief clerk, or other executive employee thereof and to the state

---

[2] In their Notice of Removal, the Federal Defendants note that the "Court Registry Investment System" also is named as a defendant but that Plaintiff's reference to such "may be seeking to sue the Administrative Office of the U.S. Courts." [#1 at ¶ 2] Plaintiff's service of the complaint upon "Court Registry Investment System" through the Administrative Office supports this supposition. To the extent Plaintiff seeks to bring claims against a separate entity identified as "Court Registry Investment System," it is not clear from the record that such an entity has been effectively served.

[3] The Federal Defendants contend that "Plaintiff has not effectuated proper service under Fed. R. Civ. P. 4" but agree to waive service. [#8 at 3 n.2]

attorney general.  Colo. R. Civ. P. 4(e)(10)(B).  Here, the record indicates that only the state attorney general's office was served.

For the foregoing reasons:

(1) The Petition for Evidentiary Hearing [#11] is **DENIED AS MOOT**;

(2) The Letter Requesting a Hearing Regarding Entry of Default Judgment [#12] is **DENIED AS MOOT**; and

(3) The Petition for Entry of Default Judgment [#13] is **DENIED WITHOUT PREJUDICE**.

DATED:  August 15, 2017                     BY THE COURT:

   s/Scott T. Varholak_____
United States Magistrate Judge